UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KESHA MARIE WARREN,

    Petitioner,                                Civil No. 2:13-CV-11234
                                                HONORABLE LAWRENCE P. ZATKOFF
v.                                                   UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION TO HOLD PETITION IN ABEYANCE, SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Kesha Marie Warren, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, petitioner challenges her convictions for two counts of armed robbery, M.C.L.A. 750.529. Petitioner has also filed a motion to hold the petition in abeyance so that she can return to the state courts to file a second post-conviction motion for relief from judgment. Having reviewed the petition, the Court will deny the motion to hold the petition in abeyance and will dismiss the petition without prejudice.

**I. Background**

Petitioner pleaded guilty to two counts of armed robbery in the Kalamazoo County Circuit Court. On September 22, 2008, petitioner was sentenced to nine to thirty years in prison.

Petitioner did not file a direct appeal from her conviction. On May 16, 2011, petitioner filed a post-conviction motion for relief from judgment, pursuant to M.C.R. 6.500, *et. Seq.* In her post-conviction motion, petitioner claimed that there had been an error in the scoring of her sentencing

guidelines due to a miscalculation involving her prior record. The motion was denied by the trial court on May 23, 2011. By her own admission, petitioner failed to file an appeal from the denial of her post-conviction motion and the time period for filing such an appeal has elapsed. [1]

Petitioner has now filed a petition for writ of habeas corpus, in which she seeks habeas relief on the following ground:

Ineffective assistance of counsel.

Petitioner has also asked this Court to hold the petition in abeyance so that she can return to the state court to file a second post-conviction motion for relief from judgment to exhaust this claim.

## II. Discussion

The instant petition must be dismissed without prejudice, because petitioner, by her own admission, has yet to exhaust her claim with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion

---

[1] Under M.C.R. 7.205(F)(3), petitioner had six months to file an application for leave to appeal the denial of her motion for relief from judgment to the Michigan Court of Appeals.

before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)); *See also Nasr v. Stegall,* 978 F. Supp. 714, 716 (E.D. Mich. 1997). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he has exhausted his available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). In the present case, the instant petition is subject to dismissal, because petitioner has failed to allege or indicate in her petition that she has exhausted her state court remedies with respect to her claim. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). Petitioner, in fact, acknowledges on the face of her petition that she did not exhaust her claim in her first post-conviction motion for relief from judgment. Petitioner's habeas application is subject to dismissal.

Petitioner has filed a motion to hold the petition in abeyance so that she can return to the state courts to exhaust her claim. A district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance. *See Rhines v. Weber,* 544 U.S. 269 (2005).

The Court declines to hold the petition in abeyance. The stay and abeyance procedure set forth by the Supreme Court in *Rhines* does not apply in this case, because petitioner did not file a "mixed" petition as contemplated in *Rhines.* Instead, petitioner filed a habeas application which

before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)); *See also Nasr v. Stegall,* 978 F. Supp. 714, 716 (E.D. Mich. 1997). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he has exhausted his available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). In the present case, the instant petition is subject to dismissal, because petitioner has failed to allege or indicate in her petition that she has exhausted her state court remedies with respect to her claim. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). Petitioner, in fact, acknowledges on the face of her petition that she did not exhaust her claim in her first post-conviction motion for relief from judgment. Petitioner's habeas application is subject to dismissal.

Petitioner has filed a motion to hold the petition in abeyance so that she can return to the state courts to exhaust her claim. A district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance. *See Rhines v. Weber,* 544 U.S. 269 (2005).

The Court declines to hold the petition in abeyance. The stay and abeyance procedure set forth by the Supreme Court in *Rhines* does not apply in this case, because petitioner did not file a "mixed" petition as contemplated in *Rhines.* Instead, petitioner filed a habeas application which

contained only an unexhausted claim. Granting a stay of the petition in this case would be inappropriate, because petitioner's sole claim is unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues her claim in state court. *See Rasberry v. Garcia,* 448 F. 3d 1150, 1154 (9th Cir. 2006)(declining to extend the stay and abeyance procedure enunciated in *Rhines* when the habeas petition contains only unexhausted claims); *See also United States v. Hickman*, 191 Fed. Appx. 756, 757 (10th Cir. 2006)("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice ... stay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first"); *Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005)(district court was not required to give habeas corpus petitioner the option to stay and hold his petition in abeyance, because his petition was wholly unexhausted, thus, the court had nothing to stay after dismissal); *Wilson v. Warren,* No. 06-CV-15508, 2007 WL 37756, at *2 (E.D. Mich. January 4, 2007) ("in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004)(district court would not stay habeas petition in order to maintain its timeliness while petitioner exhausted remedies in state court where petition contained no exhausted claims). The Court will deny petitioner's motion to hold the petition in abeyance.

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists

could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to her claim. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

The Court further **DENIES** the motion to hold the petition in abeyance.

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

                                                          S/Lawrence P. Zatkoff
                                                          **HON. LAWRENCE P. ZATKOFF**
**Dated: May 3, 2013**                           **UNITED STATES DISTRICT JUDGE**